IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRUCO LIFE INSURANCE CO.,

    *Plaintiff*,

vs.

MIKE GLAZIER, *as Trustee for the*
JOEL EASTMAN IRREVOCABLE LIFE
INSURANCE TRUST 2008,

    *Defendant*.

Case No. 22-2162-EFM

**MEMORANDUM AND ORDER**

    Plaintiff Pruco Life Insurance Company seeks a declaratory judgment that the life insurance policy it issued for Joel Eastman terminated for non-payment of premiums six weeks before his death. Defendant Mike Glazier, the Trustee of the Eastman Life Insurance Trust, has moved to dismiss[1] (Doc. 14). The Court grants Defendant's motion and dismisses the action.

---

[1] Defendant's Motion at Doc. 14 is titled "Motion to Dismiss and for Abstention or Transfer." The Memorandum in Support of the Motion, at Doc. 15, states Defendant is asking the Court to "exercise its discretion to decline jurisdiction over this declaratory judgment action in favor of a parallel action recently removed to the Northern District Court of Texas." However, the text of the Motion itself only seeks dismissal under Rule 12(b)(1) and 12(b)(6). The motion also references 28 U.S.C. § 1404(a) but does not state a request for a transfer or for a change of venue. The Court reads the Motion according to its plain language as simply a motion to dismiss.

## I.     Factual and Procedural Background

According to the Complaint, Plaintiff issued a $2 million life insurance policy to Joel M. Eastman in Texas on November 20, 2008. The policy required quarterly premium payments in the amount of $3,085.93, on November 20, February 20, May 20, and August 30 of each year. The policy further provided a 31-day grace period in the event a premium is not made, after which "the contract will end and have no value." Payment will be made under the policy only if "no premium is past due beyond the 31 day grace period." Beyond the 31-day grace period, the policy may be reinstated, but only within five years and if "you prove to us that the insured is insurable for the contract."

Plaintiff alleges that the premium due November 20, 2019 was not paid, and no payment was made in the grace period. As a result, the policy lapsed December 21, 2019.

As noted earlier, Eastman died February 15, 2020.

Two years later, on February 18, 2022, Eastman's wife Melissa telephoned Plaintiff, stating her intention to reinstate the policy, and sent a check for the accrued premiums. On March 2, 2022, Defendant Glazier demanded Plaintiff pay the policy amount, contending that the policy had not lapsed because Plaintiff had sent two notices relating to the policy to the wrong address.

Plaintiff alleges the notices were correctly sent, but in any event the policy did not require notice, and terminated under its own terms.

According to Defendant, because Plaintiff refused throughout 2020 to respond to his requests for information, he instituted a Texas Rules of Civil Procedure 20 Petition to investigate potential claims against the company. The parties entered into a Tolling Agreement, under

which they agreed to defer litigation until after March 11, 2022, which was later extended to May 1, 2022.

The parties attempted mediation on April 13, 2022, but were unable to reach agreement.

Plaintiff filed the present declaratory judgment action on May 2, 2022, at 12:38 a.m., asserting that the Court has jurisdiction because Pruco is an Arizona corporation, with a principal place of business in New Jersey, and Glazier is a citizen and resident of Kansas.

Exactly nine hours later, at 9:38 a.m., Defendant and Melissa Eastman filed suit against Plaintiff in Dallas County, Texas. According to Defendant, both he and Eastman had informed Plaintiff before and after the mediation of their intent to file suit on May 2.

Plaintiff removed the Texas action to federal court on May 19, 2022.[2]

Defendant alleges that the Texas action is broader than the matter before this Court, which is limited to a construction of the policy, and includes allegations that Plaintiff Pruco, along with Prudential Life Insurance, breached the duty of good faith and fair dealing, violated Chapters 541 and 542 of the Texas Insurance Code, were negligent in handling the Policy and investigating the coverage, and were unjustly enriched.

## II.     Legal Standard

The Declaratory Judgment Act empowers the Court to declare "the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[3] But "whether this power should be exercised in a particular case is vested in the

---

[2] Case No. 3:22-1118-G.

[3] 28 U.S.C. § 2201.

sound discretion of the district courts."[4]  In exercising this discretion, courts should consider factors articulated in *State Farm Fire & Cas. Co. v. Mhoon*.[5]  These include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[6]

Citing *Wakaya Perfection, LLC. v. Youngevity Int'l, Inc.*,[7] Plaintiff argues "the Abstention Doctrine does not apply to parallel federal actions" and that it would be error to apply that doctrine "rather than the First-to-File Rule."  But the *Wakaya* court held only that one particular brand of abstention—the "narrow doctrine"[8] articulated in *Colorado River Water Conservation District v. United States*[9]—was not controlling "in cases involving concurrent federal legislation."[10]  The court did not suggest that other forms of abstention can never be applied in such cases.

Further, the first-to-file rule itself is subject to many of the same equitable qualifications as abstention under *Mhoon*.  In resolving a request for abstention, the court "cannot resort to a

---

[4] *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995) (citation omitted).

[5] 31 F.3d 979, 983 (10th Cir. 1994)

[6] *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

[7] 910 F.3d 1118 (2018).

[8] *Id*. at 1121.

[9] 424 U.S. 800  (1976).

[10] *Wakaya*, 910 F.3d at 1124.

'rigid mechanical solution.' "[11] The first-to-file rule is applied only "[a]s a starting point," with the court considering a variety of factors, including "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake," recognizing that "these factors are not exhaustive, and other equitable factors may bear on the inquiry."[12]

Such considerations are similar to the factors recognized in *Mhoon*, which rests on the Supreme Court's recognition that "the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.' "[13] This form of abstention, known as *Wilton-Brillhart* after the two leading Supreme Court cases, rests on the recognition that "[t]he Act's distinct features justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test set forth in *Colorado River*."[14]

It is true that "[c]ourts have *typically* applied the [*Mhoon*] factors . . . to decline jurisdiction over declaratory judgment claims where there is parallel litigation in state and federal courts, or where resolution of the declaratory judgment claim would prejudice an insured in an underlying liability action by a third party."[15] But this does not mean that abstention based on the *Mhoon* factors is always inappropriate after alternative state litigation has been removed

---

[11] *Id*. (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co*., 342 U.S. 180, 183 (1952).

[12] *Id*. (internal quotation and citation omitted).

[13] *Mhoon*, 31 F.3d at 982 (quoting *Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

[14] *Wilton v. Seven Falls Co*. 515 U.S. 277, 278 (1995). *See also Brillhart v. Excess Ins. Co*., 316 U.S. 491, 494 (1942).

[15] *TBL Collectibles, Inc. v. Owners Ins*. Co., 285 F. Supp. 3d 1170, 1195 (D. Colo. 2018) (citations omitted, emphasis added).

to federal court. After all, the potential for friction between the state and federal courts is only one of the five *Mhoon* factors. The remaining cases cited by Plaintiff also do not support any mechanical application of a first-to-file rule in resolving a motion for abstention.[16]

"[U]nlike *Colorado River* abstention, discretion under the Declaratory Judgment Act does not turn on the existence of parallel proceedings."[17] Further, one court has recently concluded that the *Wilton-Brillhart* remains applicable even if the other, parallel proceeding is in federal court.

> Both *Wilton* and *Brillhart* addressed whether a district court could stay or dismiss a declaratory judgment case in favor of pending state court litigation . . . . Nonetheless, there is no set criteria for when a court should exercise its discretion to stay or dismiss a case under the *Wilton/Brillhart* doctrine. Nor does [plaintiff] direct us to any case indicating that we can apply the *Wilton/Brillhart doctrine only* when the other case is pending in state court. To the contrary, *Wilton* expressly reserved the question whether the lack of a pending state court proceeding limited a district court's discretion to decide or dismiss a declaratory judgment action. Furthermore, although courts often speak of "abstaining" under the *Wilton/Brillhart* doctrine, a district court's ability to stay or dismiss a declaratory judgment case does not derive from a judicially created abstention doctrine, but from the Declaratory Judgment Act itself, which does not require the pendency of state court litigation. Thus, that the Maryland Lawsuit is in federal court does not render the *Wilton/Brillhart* doctrine inapplicable.[18]

---

[16] *Cobalt Iron, Inc. v. Bit Lasso*, *LLC*, 2017 WL 3895013 (D. Kan. 2017) and *Big Dog Motorcycles, L.L.C. v. Big Dog Holdings*, 351 F. Supp. 2d 1188, 1195 (D. Kan. 2005) both address the first-to-file rule in the context of motions to transfer the actions under 28 U.S.C. § 1404(a) to another district, not a request for abstention grounded on the discretionary nature of the Declaratory Judgment Act. Here, Defendant's alternative request for transfer is rendered moot because the Court finds that abstention is appropriate.

[17] *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 378-79 (2010).

[18] *Continental Glass Sales & Inv. Corp. v. First Finish, LLC*, 2022 WL 1620233, at *6 (N.D. Ill. 2022) (internal quotations and citations omitted, emphasis in original). Decisions which might be taken to suggest a contrary result appear to rest on the absence of *any* ongoing parallel litigation. *See ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) ("The state court action was dismissed in March 1990. It is not pending." Plaintiff's "claims cannot be adjudicated satisfactorily in the state court proceeding because that proceeding has been dismissed."); *Nationwide Ins. Co. of Am. v. Marquez*, 2016 WL 7104240, at *5 (E.D. Cal. 2016) ("I am not persuaded that they apply at all in the situation when the allegedly parallel proceeding is simply an arbitration demand unaccompanied by litigation.").

The Court agrees, and will analyze Defendant's request that the Court exercise its discretion to decline jurisdiction under the factors identified in *Mhoon*.

### III.   Analysis

Applying the relevant equitable factors, the Court finds that the present declaratory judgment action should be dismissed in light of the ongoing dispute between the parties in Texas. The present action is substantially similar to *GEICO General Ins. Co. v. Hansen*,[19] where the Court concluded that "the factors weigh in favor of declining jurisdiction and dismissal of the case."[20]

The present action asks the Court to construe the insurance policy, and the only parties to the action are the insurer Pruco and the Trustee.  The Texas case raises the same issue, in the form of the claim for breach of contract.  But that case, brought by both the Trustee and the widow, raises claims against Pruco and its parent, Prudential Life Insurance Company, and raises claims not presented here, including negligence, violation of Texas law, and breach of duty.

In *Hansen*, the Court observed that "there are additional parties and an additional claim in the state court case. These additional issues would need to be ruled upon in the state court proceeding. Thus, a decision here would not completely settle the controversy. In contrast, a ruling by the state court would settle the entire controversy. Accordingly, the first factor weighs in favor of declining jurisdiction."[21]

---

[19] 2018 WL 6042809  (D. Kan. 2018).

[20] *Id*. at *3.

[21] *Id.*

As to the second factor, the *Hansen* court also concluded that while "a declaratory judgment would clarify the legal issue, it would not add anything useful to the state court case. The state court has the same issue presented to it. It can just as capably and efficiently decide the matter, and there is no useful purpose in having this Court decide an identical issue presented to state court."[22]

The third *Mhoon* factor is whether there is evidence of procedural fencing. Although the insurer in *Hansen* had filed its declaratory judgment first, it "knew when it filed that Hansen would likely be filing suit soon. It is not clear whether GEICO engaged in a race to the forum or simply wanted its preferred forum."[23] The Court concluded that the factor was neutral under the circumstances of the case.

The facts of the present case suggest to the Court some degree of procedural fencing. Plaintiff filed the present action in Kansas to resolve a life insurance policy issued in Texas to a Texas resident in Kansas. The matter has no connection to Kansas other than the fact that the current Trustee lives in Kansas, and Plaintiff makes no claim that it filed the action here to increase his or any other person's convenience.

Plaintiff filed the action in the middle of the night, only minutes after the end of the Tolling Agreement. Plaintiff thus beat the Trustee and the widow to the courthouse door only because they chose to wait for normal business hours. Further, Plaintiff filed suit after the Trustee commenced an administrative action in Texas to obtain information, and after extensive

---

[22] *Id.*

[23] *Id.*

efforts at mediation in Texas by the parties, during which the Trustee repeatedly indicated the intent to sue immediately upon the end of the Tolling Agreement.

The Tenth Circuit has indicated similar circumstances may warrant a finding of procedural fencing:

> St. Paul filed its federal suit one day before the date Mr. Runyon promised to file his state court contract action against St. Paul. St. Paul knew Mr. Runyon was going to file the state contract action; St. Paul knew the date Mr. Runyon was going to file the action; and St. Paul waited three years before it sought the declaration. Such timing of lawsuits may not necessarily be bad faith on the part of the insurance company; however, St. Paul is unable to show error in the district court's perception that St. Paul was using the declaratory judgment action for procedural fencing.[24]

The Court finds that the third factor weighs in favor of declining jurisdiction.

The fourth factor, friction between federal and state courts, is inapplicable here, as indicated earlier.

The fifth factor weighs in favor of declining jurisdiction. The Texas action "provides an adequate and appropriate forum to hear the dispute" and because it can hear "the entirety of the dispute [it] is a more effective and better remedy."[25]

The Court thus finds that four of the five factors weigh in favor of declining jurisdiction. When a district court decides that it should not exercise jurisdiction over the case, it must also determine whether dismissal or a stay is appropriate.[26] The Court will stay the action if there are

---

[24] *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995).

[25] *Hansen*, 2018 WL 6042809, at *4.

[26] *United States v. City of Las Cruces*, 289 F.3d 1170, 1192 (10th Cir. 2002).

federal claims which might be unresolved in the parallel action, or if there is a significant possibility of delay or other procedural inadequacies.[27]

Here there is nothing before the Court suggesting any those factors is present. Thus, the Court concludes that dismissal of Plaintiff's declaratory judgment action is appropriate here.  In light of this determination, the Court need not address Defendant's request to transfer the action.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 14) is granted as provided in this Order.

IT IS SO ORDERED.

Dated this 28th day of September, 2022.

This closes the case.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[27] *Id.*